ARTHUR E. PIKE, Appellant, *v.* IRVING TRUST COMPANY and GEORGE ROSENDALE, as Trustees under Indenture of Trust Made February 18, 1910, between GERTRUDE SHIELDS PIKE, as Grantor, and KNICKERBOCKER TRUST COMPANY and CHARLES I. McBURNEY, as Trustees, Respondents, Impleaded with ARTHUR E. PIKE, JR., and Others, Defendants.

First Department, April 19, 1940.

*Nathan Stieglitz* of counsel [*Harry H. Oshrin,* attorney], for the appellant.

*Martin A. Schenck* of counsel [*Howell D. Boyd* with him on the brief; *Davies, Auerbach, Cornell & Hardy,* attorneys], for the respondents.

PER CURIAM. While not impressed with the merits of plaintiff's claim as alleged in his complaint, we are of opinion that the pleading should not have been dismissed on the ground that the judgment in the prior accounting proceeding was *res judicata* against plaintiff

with respect to his alleged rights now sought to be enforced. Whether the plaintiff was lulled into a sense of security as to the scope of the accounting seems immaterial. His default, for whatever reason, did not authorize the entry of a judgment against him beyond the scope of the prayer for relief. (Civ. Prac. Act, § 479.)

In the accounting action the prayer for relief did not seek a construction of the deed of trust in any respect nor a declaration that plaintiff had ceased to have any rights thereunder. The judgment, therefore, may not be given such effect as against the plaintiff. While at the time of the accounting the plaintiff herein was not the legal husband of the life *cestui*, he might have acquired that status at the time of her death by reason of a subsequent remarriage.

In the circumstances, therefore, we are of opinion that the order and judgment appealed from may not be sustained. They should, therefore, be reversed, with costs, and the motion to dismiss the complaint on the ground of *res judicata* denied.

Present — O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment and order unanimously reversed, with costs, and the motion denied.